ATLANTIC COMMUNICATION COMPANY, Respondent, *v.* LEOPOLD ZIMMERMANN et al., Copartners under the Firm Name of ZIMMERMANN & FORSHAY, Appellants.

*Banks and banking — foreign exchange — contract to transmit foreign money by wireless — action to recover money paid.*

Atlantic Communication Co. v. Zimmermann, 206 App. Div. 664, affirmed.

(Argued December 3, 1923; decided December 27, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 12, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought for money had and received, to recover the sum of $45,625, the sum paid by the plaintiff to the defendants on April 2, 1917. The defendants are bankers and brokers, dealing in foreign exchange, among other things. The complaint alleged that on said day said sum was paid to the defendants by the plaintiff for transmission in marks, by wireless, to Germany, within a reasonable time, to wit, not more than eight days, and that the transmission having failed, plaintiff demanded its money back, which was refused. The answer was in the nature of a general denial.

*Maurice B. Blumenthal* for appellants.

*Schuyler M. Meyer* and *Louis Dean Speir* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

FRANCESCO DIOMEDE, Appellant, *v.* UNITED MARINE CONTRACTING CORPORATION, Respondent.

*Negligence — master and servant — injury to workman on steamship in dry-dock — when complaint properly dismissed.*

Diomede v. United Marine Contracting Corpn., 206 App. Div. 768, affirmed.

(Argued December 3, 1923; decided December 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered June 29, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. Plaintiff and others of a gang were engaged in removing hatch covers from a steamer upon which they had been sent by defendant to work. While they were thus employed the winch had been working and the fall with the iron hook at its end moved up and down under the direction of the foreman, who was present at the time. After it had gone down and come up some seven or eight times, the hook on its upward journey caught firmly in one of the iron strongbacks which supported the hatch covers on which the men were working, and before the winch could be stopped, pulled it out of its position, throwing it and the covers which still rested on it and the men who were working on top of the covers, down to the bottom of the hold.

*John C. Robinson, Morris A. Wainger* and *James F. Mahan* for appellant.

*Bertrand L. Pettigrew* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

SAMUEL BLANK et al., Appellants, *v.* MORRIS B. EVENS, Respondent.

*Real property — easements — action to restrain erection of apartment house — when complaint properly dismissed.*

*Blank* v. *Evens*, 205 App. Div. 897, affirmed.

(Argued December 3, 1923; decided December 27, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 27, 1923, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at